J-A03026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRANDON HETRICK, EXECUTOR OF THE ESTATE OF: WILLIAM WASHINGTON, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANORCARE OF CARLISLE PA, LLC D/B/A MANORCARE HEALTH SERVICE, CARLISLE; HCR MANORCARE, INC. ET AL | |
| Appellants | No. 266 MDA 2014 |

Appeal from the Order Entered January 10, 2014
In the Court of Common Pleas of Cumberland County
Civil Division at No: 11-7979

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 13, 2017**

This case returns to this Court following a remand from our Supreme Court. On November 15, 2016, the Court granted the petition for allowance of appeal filed by Appellants (collectively ManorCare), vacated our previous order affirming the overruling of preliminary objections to compel arbitration of claims brought under the Wrongful Death and Survival Acts,[1] and remanded the case to us for further proceedings consistent with ***Taylor v.***

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.

*Extendicare Health Facilities, Inc.,* ___A.3d___, 2016 WL 5630669 (Pa. Sept. 28, 2016). Upon review, we reverse and remand.

Briefly, the claims arise from the death of William Washington, after he was a resident at a nursing home operated by ManorCare.

We previously noted that wrongful death claims are not subject to arbitration, because a decedent's agreement to arbitrate is not enforceable against the decedent's wrongful death beneficiaries. *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 661 (Pa. Super. 2013). In our previous decision, we relied exclusively on this court's decision in *Taylor v. Extendicare Homes, Inc.*, 113 A.3d 317, 320 (Pa. Super. 2015), *rev'd*, ____A.3d _____, 2016 WL 5630669 (Pa. Sept. 28, 2016). We held that Pa.R.C.P. No. 213(e), requires compulsive joinder of Survival Act claims and wrongful death claims and such joinder does not violate the Federal Arbitration Act.[2] Unpublished Memorandum, 6/3/2015, at 2. Following reversal in *Taylor*, it is now settled that Pa.R.C.P. No. 213(e) does violate the Federal Arbitration Act, and therefore is preempted. *Taylor*, 2016 WL 563069 at 16. This preemption requires that Appellants' preliminary objections to compel arbitration be sustained and the wrongful death and Survival Act claims be severed unless the Arbitration Agreement is unenforceable. In our June 3, 2015 unpublished memorandum we noted

_____

[2] 9 U.S.C. § 2.

that we need not address Appellee's argument that the unconscionability of the Arbitration Agreement provides an alternative basis to affirm. "The only exception to a state's obligation to enforce an arbitration agreement is provided by the savings clause, which permits the application of generally applicable state contract law defenses such as fraud, duress, or unconscionability, to determine whether a valid contract exists." *Taylor*, 2016 WL 5630069 at 14 (citations omitted). As the trial court did not address these issues we remand to the trial court to address Appellee's fact-based defenses. Should the defenses prove not to have merit, then the wrongful death and survival claims shall proceed consistent with *Taylor.*

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017